

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 5, 1961

Mr. H. R. Nieman, Jr.         Opinion No. WW-978
Executive Director
State Building Commission     Re: Whether contracts for ex-
Austin, Texas                      penses for attorney's fees,
                                   fees for expert witnesses
                                   and court reporter fees in-
                                   curred in connection with a
                                   condemnation suit, consti-
                                   tute a contract or obliga-
                                   tion of a continuing nature
                                   legally payable from funds
                                   beyond the expiration date
                                   of the appropriation pro-
                                   vided for the acquiring of
Dear Mr. Nieman:                   the property involved.

        You have requested an opinion from this office to deter-
mine whether the Building Commission has the authority to
contract for attorney's fees, fees for expert witnesses, and
court reporter fees which would be incurred in connection with
condemnation suits to secure building sites for State build-
ings, and whether such contracts would constitute an obliga-
tion of a continuing nature which would be legally payable
from appropriations beyond the expiration date of the appropria-
tion. You have asked specifically about a proposal submitted
to the Building Commission by Mr. Harold Legge, dated December
16, 1955, which stipulated the charges for preparation of and
rendition of court testimony on a certain list of properties
which would be the basis of a condemnation suit, and of the
letter from the State Building Commission to Mr. Legge, dated
December 19, 1955, accepting and agreeing to the charges stipu-
lated in his letter to determine whether this was a binding con-
tract under the conditions set forth in your first question.
Section 5 of Article 678m, Vernon's Civil Statutes, provides as
follows:

        "Sec. 5.  The Commission is authorized to
    take any action and enter into any contracts
    necessary to provide for the obtaining of sites
    and the planning, designing and construction of
    the buildings and memorials provided for by

> Section 51-b, Article III of the Constitu-
> tion, and the Commission is also authorized
> to take any action and enter into any con-
> tracts to obtain sites which it deems neces-
> sary in order to provide for the orderly
> future development of the State Building Pro-
> gram which is contemplated by this Act, in-
> sofar as appropriations permit . . ."

As can be seen from the above-quoted section of the statute,
it is clear that the Commission can enter into contracts
for attorney's fees, fees for expert witnesses, and court
reporter fees which would be incurred in securing the build-
ing sites for State buildings.

Section 6 of Article VIII of the Texas Constitution
provides "no money shall be drawn from the treasury but in
pursuance of specific appropriations made by law; nor shall
any appropriation of money be made for a longer term than
two years . . .," but prior Attorney Generals' Opinions Nos.
WW-40, V-1397 and V-1535a make it clear that this provision
of the Constitution does not apply to an obligation contract-
ed for during the period of the appropriation. It is our
opinion that the Building Commission has the authority to
enter into a contract for the listed expenses which would be
a binding obligation of a continuing nature and would be pay-
able from funds beyond the expiration date of the appropria-
tion provided for acquiring the property involved.

The only thing to be determined, then, is whether the
Building Commission actually entered into a contract with Mr.
Legge for the services described. In our opinion, the let-
ter of Mr. Legge, dated December 16, 1955, constituted an
offer by Mr. Legge to carry out proposals made in that let-
ter at a certain price and the Building Commission, by its
letter of December 19, 1955, accepted the proposals made by
Mr. Legge and, by this acceptance, entered into a contract
which was binding on both parties. The appropriation under
which the contract was made (Section 18, Senate Bill 134,
Acts of the Fifty-fourth Legislature, Regular Session, 1957,
Chapter 514, Page 1301) has been reappropriated for the same
purpose through the years, the last appropriation being
House Bill 4, Acts of the Fifty-sixth Legislature, Third
Called Session, 1959, Chapter 23, Page 513. This being the
case, the Comptroller is authorized to make payments for
these services subject to the restrictions of Article 4357,
Vernon's Civil Statutes. Naturally no such payment could
be made from present appropriations without the contract being
made during the time an appropriation was in effect.

S U M M A R Y

The State Building Commission is authorized
to enter into contracts for attorney's fees,
fees for expert witnesses and court reporter
fees to be incurred in connection with con-
demnation suits to obtain building sites for
State buildings which would constitute a con-
tract or obligation legally payable from funds
beyond the expiration date of the appropria-
tion provided for the acquiring of the property
involved, subject to the limitations of Article
4357, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John C. Steinberger
Assistant

JCS:ms:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Robert T. Lewis
Jay D. Howell
Bob Eric Shannon
Robert H. Walls

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Morgan Nesbitt